UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Amanda A. Martin, | ) | CASE NO. 5:13CV1109 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| Thomas Maurer, et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) ) ) | (Resolves Docs. 9 and 11) |

This matter comes before the Court on a motion for judgment on the pleadings filed by Defendants Wayne County Sheriff's Department, Thomas G. Maurer – former Wayne County Sheriff, the Wayne County Commissioners, and former Wayne County Sheriff Deputy Joel Marmet, (the "Wayne County Defendants"). Also pending before the Court is a motion to amend the complaint filed by Plaintiff Amanda Martin. The motion to amend (Doc. 11) is DENIED. The motion for judgment on the pleadings (Doc. 9) is GRANTED.

**I. LEGAL STANDARD**

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

> conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Additionally, the Court may deny leave to amend if the amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss*." Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).  In the instant matter, the proposed amendments, as detailed below, would not withstand the pending motion for judgment on the pleadings.  Accordingly, amendment would be futile.

**II. FACTS**

In her complaint against the Wayne County Defendants, Martin claims that they maliciously prosecuted her for burglary without probable cause to do so.  Martin's allegations effectively center upon her belief that the investigation against her was shoddy and incomplete. Martin asserts, for example, that Defendant Marmet declined to interview four alibi witnesses that would have established that she was at her father's home at the time of the alleged burglary. Martin, however, does admit that she was arrested pursuant to a warrant and that her prosecution began as a result of a grand jury indictment.  Perhaps recognizing that these facts would generally bar a claim for malicious prosecution, Martin seeks to amend her complaint to add allegations that the Wayne County Defendants willfully withheld exculpatory information from the grand jury that would have eliminated its probable cause determination.

**III. ANALYSIS**

The Sixth Circuit has explained the law surrounding Martin's claim for malicious prosecution as follows:

> This court recognizes a "'constitutionally cognizable claim of malicious prosecution under the Fourth Amendment'" encompassing "wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006) (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). The elements of a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment are as follows:
>
> First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable

3

>cause for the criminal prosecution. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.
>
>*Id*. at 308–09 (internal quotation marks, citations, and alterations omitted).

*Mott v. Mayer*, 524 Fed.Appx. 179, 186-187 (6th Cir. 2013).

The Sixth Circuit has also explained that probable cause to initiate a criminal prosecution exists where "facts and circumstances [are] sufficient to lead an ordinarily prudent person to believe the accused [is] guilty of the crime charged." *MacDermid v. Discover Fin. Servs.*, 342 Fed.Appx. 138, 146 (6th Cir. 2009). As a general rule, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Barnes*, 449 F.3d at 716. However, an exception applies "where the indictment was obtained wrongfully by defendant police officers who knowingly present[ed] false testimony to the grand jury." *Cook v. McPherson*, 273 Fed.Appx. 421, 424 (6th Cir.2008); *see also Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007) (observing that a judicial determination of probable cause has no preclusive effect if a claim of malicious prosecution is based on a police officer's supplying false information to establish probable cause).

In support of their motion for judgment on the pleadings, the Wayne County Defendants rely heavily upon the fact that Martin admitted in her complaint that she was indicted by a grand jury. As detailed above, absent an exception to the *Barnes* rule, this indictment conclusively establishes probable cause. Martin does not allege in her complaint, nor in her proposed amendments, that the exception – supplying false information – is applicable. Instead, Martin contends that liability should flow from the Wayne County Defendants failure to disclose exculpatory information to the grand jury. However, the Wayne County Defendants properly

4

note that the Sixth Circuit does not recognize such an obligation. "[T]he Supreme Court in *Williams* announced there is no federal duty to present exculpatory evidence to a grand jury. *See United States v. Williams*, 504 U.S. 36, 47 (1992)[.]" *Carver v. Mack*, 112 Fed.Appx. 432, 437 (6th Cir. 2004). Accordingly, the amendment would be futile.

In short, Martin has failed to allege facts that support a malicious prosecution claim under binding Sixth Circuit law. Without such an underlying Fourth Amendment violation, Martin's *Monell* claim must also fail as a matter of law. "To impose § 1983 liability on a municipality or local governmental entity, plaintiff must show that an officially executed policy, or the toleration of a custom, resulted in a constitutional deprivation ." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). Therefore, the finding that a constitutional violation occurred is axiomatic to analyzing whether the policy at issue resulted in the constitutional violation. *Thurmond v. County of Wayne*, 447 Fed.Appx. 643, 651 (6th Cir.2011). Thus, absent a finding of a violation of Martin's rights, there is no need for the Court to review whether the policy caused the alleged harm. Here, as explained above, no constitutional violation has been properly pleaded.

There being no cognizable constitutional claims in the case, the Court declines to exercise supplemental jurisdiction over Martin's remaining, purely state-law claims, including those raised against Defendants Yost and Breitenstine. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims in a case are dismissed before trial, state law claims should also be dismissed).

## IV.     CONCLUSION

The Wayne County Defendants' motion for judgment on the pleadings is GRANTED. The motion to amend the complaint is DENIED. The Court declines to exercise supplemental

5

jurisdiction over the purely state law claims. Accordingly, the complaint is hereby DISMISSED.

IT IS SO ORDERED.

Date: February 10, 2014          */s/ John R. Adams*
                                                            Judge John R. Adams
                                                            UNITED STATES DISTRICT COURT